UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAKE WARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:17-cv-2766 |
| | ) |
| CBMC ACQUISITION, LLC a/k/a | ) |
| CBMC, INC. d/b/a CBMC LIGHTING | ) |
| SOLUTIONS, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Jake Ward ("Ward"), by counsel, brings this action against Defendant CBMC Acquisition, LLC a/k/a CBMC, Inc. d/b/a CMBC Lighting Solutions ("Defendant"), and alleges as follows:

## OVERVIEW

1. Defendant has violated provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, by failing to pay Ward overtime wages at the rate required by federal law. In addition, Defendant has violated Indiana law by failing to pay earned wages to Ward. Defendant has also breached a contract between Ward and Defendant in violation of Indiana law.

## PARTIES

2. Ward is an individual who resides in Boone County, Indiana. He was employed by Defendant within three years prior to the filing of this Complaint and was, at all times relevant to this matter, an employee as defined in Section 203(e)(1) of the FLSA, 29 U.S.C. §203(e)(1).

3. Defendant is an Indiana domestic limited liability company located in Indianapolis, Indiana. At all times hereinafter mentioned, Defendant was an employer as defined in Section 203(d) of the FLSA, 29 U.S.C. §203(d).

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331 because Ward brings a claim arising under federal law, specifically, the FLSA. This Court has supplemental jurisdiction over Ward's Indiana state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in this Court pursuant to Section 216(b) of the FLSA, 29 U.S.C. §216(b).

## COVERAGE

6. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).

7. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00.

## FACTS

8. Ward and Defendant entered into an Employment Agreement on or about December 16, 2015. A copy of said Employment Agreement is attached hereto as "Exhibit A."

9. Consistent with the terms of the Employment Agreement, Ward and Defendant agreed upon a compensation structure such that his wages were comprised of a combination of salary and commissions.

10. Pursuant to the terms of the Employment Agreement, Ward's commissions were "deemed earned upon receipt of product by customer, and payable after receipt of payment by [Defendant]."

11. Throughout the course of his employment with Defendant, Ward held an inside sales position. Ward worked in an office located in an Indianapolis, Indiana facility operated by Defendant during approximately 90% of the hours he was working for Defendant.

12. From approximately January 4, 2016 – approximately February or March of 2017, Ward regularly worked in excess of forty (40) hours per week.

13. Defendant never compensated Ward at a rate of one and one half times his base rate for the hours he worked in excess of forty (40) hours during each workweek.

14. Defendant did not properly compensate Ward for the wages he earned in accordance with the terms of the Employment Agreement.

## COUNT I: VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AGAINST ALL DEFENDANTS

15. Ward hereby incorporates by reference Paragraphs 1-14 of this Complaint.

16. During the relevant time period, Defendant violated the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. § 206, 207, and 215(a)(2), by employing Ward for workweeks longer than forty (40) hours without compensating Ward for his employment in excess of forty hours per week at the rate required by the FLSA.

17. Defendant acted knowingly, willfully, and/or with reckless disregard to Ward's rights.

18. Ward has suffered damages as a result of Defendant's unlawful conduct.

## COUNT II:  VIOLATIONS OF INDIANA LAW

19. Ward hereby incorporates by reference Paragraphs 1-14 of this Complaint.

20. During the relevant time period, Defendant violated the provisions of Indiana Code §22-2-5 *et seq.* by failing to pay all wages earned by Ward on or before the regular paydays for the pay periods covered.

21. Defendant acted knowingly, willfully, and/or with reckless disregard to Ward's rights.

22. Ward has suffered damages as a result of Defendant's unlawful conduct.

## COUNT III:  VIOLATIONS OF INDIANA LAW

23. Ward hereby incorporates by reference Paragraphs 1-14 of this Complaint.

24. Defendant breached the terms of the Employment Agreement between Ward and Defendant.

25. Ward has suffered damages as a result of Defendant's unlawful breach of contract.

## REQUESTED RELIEF

WHEREFORE, Ward demands:

a. An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid overtime wages due to Ward and for liquidated damages equal in amount to the unpaid compensation found due to Ward;

b. An Order pursuant to Indiana Code §§22-2-5 *et seq.* finding Defendant liable for failing to pay all wages earned by Ward on or before the regular paydays for the pay periods covered and for liquidated damages in an amount equal to twice the unpaid compensation found due to Ward;

c. An Order pursuant to Indiana common law declaring Defendant breached the terms of the Employment Agreement between Ward and Defendant;

      d.      An Order awarding Ward the costs of this action;

      e.      An Order awarding Ward his attorney's fees;

      f.      An Order awarding Ward pre-judgment and post-judgment interest at the highest rates allowed by law; and

      g.      An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

 s/ Andrew G. Jones
Andrew G. Jones (#23020-49)
LAW OFFICE OF ANDREW G. JONES
9465 Counselors Row, Suite 200
Indianapolis, Indiana 46240
Telephone:    (317) 616-3671
E-Mail:        ajones@andrewgjoneslaw.com

Attorney for Plaintiff